**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Salvador CHAVEZ–CEJA, Defendant–Appellant.**

**No. 02–3347.**

United States Court of Appeals, Tenth Circuit.

Feb. 27, 2003.

Eric F. Melgren, U.S. Attorney, Wichita, KS, Brent I. Anderson, Kansas City, KS, for Plaintiff–Appellee.

Salvador Chavez–Ceja, # 08470–031, Taft, CA, for Defendant–Appellant.

Before EBEL, HENRY and HARTZ, Circuit Judges.

**ORDER AND JUDGMENT***

EBEL, Circuit Judge.

Salvador Chavez–Ceja was convicted of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 210 months in prison; his conviction and sentence were upheld on direct appeal. Chavez–Ceja then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. He argues that his conviction was obtained in violation of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because neither the indictment nor the judge's instructions to the jury made the amount of methamphetamine a specific element of the offense with which he was charged.[1]

---

1. Chavez–Ceja also argues that the district court improperly calculated his criminal history when sentencing him. (Aplt. Br. at 13–14.) Because he raises this argument for the first time on appeal, we consider it waived. *See Walker v. Mather (In re Walker),* 959 F.2d 894, 896 (10th Cir.1992).

The district court denied Chavez–Ceja's motion and denied his request for a Certificate of Appealability, finding that Chavez–Ceja had failed to make a substantial showing of the denial of a constitutional right. We AFFIRM the denial of a COA for substantially the reasons stated by the district court.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.